UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| DANIEL A. RILES, II, | : | |
| Plaintiff, | : | CASE NO. 3:17-cv-2178 (MPS) |
| | : | |
| v. | : | |
| | : | |
| SCOTT SEMPLE, et al. | : | |
| Defendants. | : | January 18, 2018 |

**INITIAL REVIEW ORDER**

On August 23, 2017, the plaintiff, Daniel A. Riles, II, an inmate currently confined at Northern Correctional Institution in Somers, Connecticut, brought a civil action *pro se* under 42 U.S.C. § 1983 against thirteen employees of the Connecticut Department of Correction for violating his rights under the Eighth and Fourteenth Amendments to the United States Constitution. The plaintiff is suing all defendants in their individual capacities for damages and in their official capacities for declaratory and injunctive relief. On January 9, 2018, this court granted the plaintiff's motion to proceed *in forma pauperis* (ECF No. 6). For the following reasons, his complaint is dismissed without prejudice.

I.   Relevant Legal Principles

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell*

*Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

II. Analysis

Rule 8 of the Federal Rules of Civil Procedure requires a civil complaint to contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each allegation in the complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "The purpose of Rule 8 is 'to permit the defendant[s] to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'" *Brown v. Semple*, 16 Civ. 1144 (SRU), 2017 WL 4246776, *4 (D. Conn. Sep. 25, 2017) (quoting *Ricciutti v. N.Y.C. Trans. Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)). The rule also serves to clearly identify the issues to be litigated and reasonably confine discovery and the presentation of evidence for trial. *See id.* A court may dismiss a complaint for failure to comply with Rule 8 if it "'is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any is well disguised.'" *Id.* (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

The plaintiff's complaint is neither short nor concise. It consists of seventy-nine pages of allegations and another sixty-six pages of exhibits with an excessive amount of needless detail. *See Salahuddin*, 861 F.2d at 43 (district court within its discretion to dismiss complaint under Rule 8 that "contain[ed] a surfeit of detail"). The majority of the complaint consists of general, conclusory allegations regarding his more than ten years of confinement in the Department of Correction. Although the entire complaint is grounded in only two constitutional claims, the court cannot discern the specific facts which gave rise to those claims or the defendants who were personally involved in the alleged constitutional deprivations.

The complaint also fails to comply with Rule 20, which permits joinder of claims against multiple defendants only if two criteria are satisfied: (1) the claims "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences; and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The plaintiff is suing multiple defendants for events that occurred over a ten-year period at two different correctional facilities: Northern Correctional Institution and Hartford Correctional Center. Many of these allegations are wholly unrelated to one another, and it is often unclear which defendants were involved in those events. *See Melvin v. Connecticut*, 16 Civ. 537 (RNC), 2016 WL 3264155, *2 (D. Conn. Jun. 14, 2016) (dismissing complaint for failure to comply with Rule 20). It appears that the plaintiff is suing all thirteen defendants for every aspect of his more than ten-years of confinement at both prison facilities. Thus, in addition to its size and ambiguity, the complaint joins too many unrelated issues to comply with Rule 20.

## ORDERS

The complaint is hereby dismissed without prejudice. The plaintiff may, within **thirty (30) days** of the date of this order, submit an amended complaint that (1) provides a short and concise statement of his claims and the factual allegations in support thereof; and (2) does not join multiple, unrelated claims. The plaintiff is advised that he may pursue any unrelated claims in a separate action. In order to recover damages, the plaintiff must allege specific facts showing each defendant's personal involvement in the alleged constitutional deprivations. Failure to comply with these instructions will result in dismissal of the case with prejudice.

It is so ordered.

Dated at Hartford, Connecticut this 18th day of January 2018.

_____/s/_____
Michael P. Shea
United States District Judge